IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  4:20CR00515 HEA/PLC |
| | ) | |
| MICHAEL CLARK, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant, by and through his attorney, Edward K. Fehlig, Jr., submits the following memorandum to aid the Court as it pleases for sentencing.

Michael Clark pled guilty to Count I of the indictment.  Through his guilty plea, the plea agreement and stipulation, Defendant has accepted responsibility for his criminal conduct. In *United States v. Booker*, 543 U.S. 220, 257 (2005), the court instructed that the proper guideline range must be considered in addition to the other factors in 18 U.S.C. § 3553(a). Section 3553(a) states that the sentencing court must impose a sentence sufficient but no longer than necessary to achieve the goals of 18 U.S.C. § 3553(a)(2): punishment, protection of society, deterrence, and rehabilitation. Defendant respectfully provides the following information to assist the Court in complying with its duty to consider all the factors under § 3553(a). Most notable in this

1

case are the "nature and circumstances of the offense and the history and characteristics of the defendant." See § 3553(a)(1).

I. THE NATURE AND CIRCUMSTANCES OF THE OFFENSE

Mr. Clark's involvement in this case stems from a very difficult childhood, lack of education, drug addiction and mental health issues. These issues and the lack of treatment for them, in part, led him to this path.

Mr. Clark does not provide this as an excuse but would like the court to understand the difficult life and addiction problems that led to his involvement in criminal activity. Mr. Clark admits his involvement and accepts responsibility for his actions.

Mr. Clark does not deny that his conduct was very serious and cannot be ignored, however, while Counsel will not dispute that punishment is relevant, Counsel believes that Mr. Clark is worthy of trying to help. In some ways, Counsel believes that it may ultimately be good luck that he made it to federal court at this juncture in time and under the current prosecutorial policy of prosecuting gun cases and prioritizing rehabilitation over punishment. This is not someone who needs to be banished to the BOP for a lengthy period.

Providing a short sentence followed by supervision and rehabilitation would be appropriate in this case.  A lengthy jail sentence would waste taxpayer dollars by

2

institutionalizing someone when mental health and substance abuse treatment would be a less costly and likely more effective alternative. With the right treatment, Counsel believes that he could be a peaceful member of the community, if given the chance. Mr. Clark has family and local support. His sister Monica has said that he is a good person who needs help.  She has indicated that she would be willing to have him come to Texas to get a fresh start in a new location.  She has submitted a heartfelt letter in his support. If he goes to jail for a long time, he will lose his community support and will come out institutionalized and likely re-offend. However, he does not dispute that he needs punishment, and a prison sentence is appropriate. Evidence and proof of his desire to change is the relationship he has developed with his spiritual mentor Deacon Renard, who speaks highly of Mr. Clark. See attached letter.

## II. THE HISTORY AND CHARACTERISTICS OF MICHAEL CLARK

A.    Personal life

Mr. Clark's early childhood was very difficult. The PSR outlines in detail the difficulties and obstacles that Mr. Clark faced as a child. Mr. Clark was raised primarily by his mom. His father was an alcoholic who was abusive when present but in and out for most of his childhood. As per his sister Monica Rabatie, their mother was verbally and physically abusive and their father was mostly absent. She believes that Michael did not have the parental guidance he needed. Additionally, he did not

3

seek mental health treatment when needed. She indicates that Micheal was raised primarily by his grandmother. See attached letter.

His difficult upbringing has resulted in behavioral issues and his resulting criminal history. Counsel would note that while his criminal history is not insignificant, his criminal history is not that of a seriously deviant person, but rather a person with untreated mental health and addiction issues. However, Mr. Clark has shown evidence of positive changes in his behavior upon past periods of supervision. Unfortunately, he has been provided only limited opportunities to receive treatment or rehabilitation to aid in long term sustainability of these behavioral changes. Lack of these opportunities for truly substantive treatment or rehabilitation for his addiction issues has caused Mr. Clark to continue the cycle of addiction and crime.

Mr. Clark has had difficulty developing a relationship with his kids due mostly to his difficulty maintaining healthy relationships. Counsel for Defendant has had multiple conversations with his Sister Monica who confirms that Mr. Clark is good with his kids. He recognizes that he needs to be sober and mentally healthy before he will be able to provide for his children.

Mr. Clark hopes that he will be able to be released so he can work on his mental health and employment, develop a healthy relationship with his fiancé, and provide support for his kids. His sister confirms that Michael has a strong work ethic and

4

believes that he will be a contributing member to his community upon release.

Additionally, Mr. Clark has submitted letters from family and friends who all confirm

that he has the possibility of being a positive member of his community if given the

opportunity. See attached letters.

Mr. Clark acknowledges that he is responsible for the fact that he is where he is. He

deeply regrets being involved in illegal activity. After he resolves this case, Mr. Clark

intends on working to become a benefit to society and support his children so that they

can have a better life and more opportunities than he has had.

B.          Employment

Mr. Clark's Sister Monica states that her brother started work when he was a

teenager and has consistently worked since as long as she can remember.  However,

many of the jobs he did were short term odd jobs and his mental health and addiction

have led to his instability. Mr. Clark has expressed an interest in obtaining job training

while in BOP custody. Mr. Clark is a very hard worker and will not have a problem

obtaining employment upon release.

III. Section 3553(a) Factors That Suggest Appropriateness of a limited prison sentence.

(a)(2)(A) Reflection of Seriousness of Offense, Promotion of Respect for the

Law, Just Punishment: Mr. Clark recognizes and admits that he committed a serious

offense. However, he has pled guilty, and his acceptance of responsibility demonstrates his respect for the law.

(a)(2)(B&C) Deterrence and Protection of the Public: Mr. Clark's current life circumstances, including his history of gainful employment, and his family and community support suggest great promise for rehabilitation and an extremely low possibility of recidivism.

Conclusion

The guideline range in this case is 30 to 37 months and the maximum term of imprisonment on the supervised release violation is 14 months. Counsel submits that a sentence of 36 months is sufficient punishment in this case. A sentence of 30 months on the current case and six months on the supervised release case to be run consecutive. A sentence of 36 months comports with the plea agreement as it is a sentence within the guideline range and would impose incremental consecutive punishment on the supervised release violation. This sentence is justified by the above-mentioned factors. Additionally, these factors are confirmed in the PSR, which outlines variance factors for the court's consideration in this case. See PSR at 113. Finally, Mr. Clark would request that this case be run concurrent with the pending felony charge under Docket No. 20SL-CR0750-01, in Circuit Court of St. Louis County, Missouri. This would be fair in that it will allow the judge in Saint Louis County to determine what sentence is appropriate, rather than punishing the defendant now, for a case that is currently just an allegation.

Judicial Recommendation

Mr. Clark respectfully requests the following judicial recommendation: he requests that he be designated to a facility near Biloxi Mississippi or Gulf Shores AL to be near family.

Respectfully submitted,

/s/ Edward K. Fehlig, Jr.
Edward K. Fehlig, Jr.
3002 S. Jefferson Ave, Suite 207
St. Louis, Missouri 63118
Telephone: (314) 359-5690
Fax: (888) 892-7819
BAR# MO53498
ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2021 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the United States Attorney's Office.

/s/ Edward K. Fehlig, Jr.
EDWARD K. FEHLIG, JR.